SANTIAGO H. RIVERA MELÉNDEZ, recurrido, *v.* WANDA IVETTE ALGARÍN CRUZ, peticionaria.

*Número:* CC-2001-1037    *Resuelto:* 14 de mayo de 2003

484

*Diana Lynn Pagán Rosado*, abogada de la peticionaria; *Vanessa Lugo Flores*, subprocuradora general, y *Lizette Mejías Avilés*, procuradora general auxiliar, abogados la parte recurrida.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

En el caso de autos debemos resolver qué efecto tiene la muerte de uno de los cónyuges sobre una sentencia de divorcio decretada por la causal de consentimiento mutuo, cuando la muerte ocurre luego de haberse dictado, registrado y archivado en autos la sentencia de divorcio, pero *antes de que ésta se hubiese notificado y archivado en autos mediante copia de la notificación, o sea, antes de que ésta hubiese advenido final, firme y ejecutable.*

A continuación resumiremos los hechos que dan lugar al caso que tenemos ante nuestra consideración.

I

*Los hechos*

El 7 de abril de 1990 la Sra. Wanda Ivette Algarín Cruz contrajo matrimonio con el Sr. Santiago Herminio Rivera Meléndez. De esta unión nacieron cuatro hijos: Crystian Manuel, Santiago Herminio, Tatiana Marie y Yaidelice Marie; todos de apellidos Rivera Algarín.

Durante el 2000 la señora Algarín Cruz y el señor Rivera Meléndez presentaron su demanda de divorcio por la causal de consentimiento mutuo ante el Tribunal de Primera Instancia, Sala Superior de Fajardo. El 18 de agosto de 2000 el tribunal celebró una vista en los méritos y ese mismo día dictó sentencia para decretar el divorcio por di-

cha causal. El tribunal aceptó e hizo formar parte de la sentencia los acuerdos contenidos en la estipulación suscrita por las partes.(¹) El tribunal ordenó que la sentencia se registrase y notificase. Sin embargo, aunque la sentencia se registró y archivó en autos el 18 de agosto de 2000, *ella no fue notificada ni se archivó en autos copia de dicha notificación hasta el 22 de septiembre de 2000.*

Un día después de haberse dictado la sentencia de divorcio, el 19 de agosto de 2000, el señor Rivera Meléndez falleció a consecuencia de un accidente automovilístico. Así las cosas, el 21 de marzo de 2001, a los ciento ochenta días(²) de haberse archivado en autos la copia de la notificación de la sentencia, la señora Algarín Cruz solicitó la nulidad de la sentencia para alegar que ésta era nula e inoficiosa, ya que el señor Rivera Meléndez había muerto antes de que dicha sentencia hubiese sido notificada y de que se *archivase en autos copia de su notificación.* Alegó específicamente, que la sentencia de divorcio "no pudo convertirse en final y firme, ya que al momento de ser archivada en autos copia de su notificación, el señor Rivera Meléndez [ya] había fallecido". El foro de instancia denegó la moción.

Inconforme con esta determinación, la señora Algarín Cruz recurrió al Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito) para plantear que el tribunal de instancia erró al denegar la solicitud de "nulidad de [la] sentencia de divorcio, pues dicha sentencia no disolvió el matrimonio entre las partes sino la muerte de uno de los cónyuges antes de que la sentencia pudiese convertirse en final y firme".

---

(¹) En la sentencia se decretó específicamente que el señor Rivera Meléndez pagaría directamente a la señora Algarín Cruz la suma de $107.25 semanales, en concepto de pensión alimentaria para los hijos menores habidos durante el matrimonio. También se determinaron las relaciones paterno-filiares y dispuso sobre alguno de los bienes y las deudas del matrimonio.

(²) En *Rosario Rodríguez v. E.L.A.*, 122 D.P.R. 554 (1988), resolvimos que el término de seis meses que establece la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, es fatal y se computa a base de ciento ochenta días.

El Tribunal de Circuito confirmó la sentencia de instancia. Resolvió que al no utilizar la señora Algarín Cruz los remedios posteriores a la sentencia que tenía disponibles, o sea la reconsideración, revisión o apelación, la sentencia de divorcio advino final y firme. Dictaminó, además, que no procedía la utilización de la moción de relevo de sentencia, Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, pues eso hubiese equivalido a sustituir este tipo de moción por los remedios postsentencia antes mencionados, cuyos términos jurisdiccionales ya habían vencido para la fecha cuando se presentó la moción en la que solicitaba la nulidad de la sentencia de divorcio. Entendió también el Tribunal de Circuito, que al aplicar la Guía Núm. 6 de las Guías para Uniformar el Procedimiento de Divorcio por Consentimiento Mutuo, Conferencia Judicial, mayo de 1988,(³) había que concluir que la sentencia de divorcio había advenido final y firme, y que por lo tanto, no procedía decretar su nulidad. La Guía Núm. 6 expone lo siguiente:

> *Transcurrido* [sic] *treinta (30) días del archivo en autos de la notificación de la sentencia de divorcio, sin que cualesquiera de los cónyuges radicare escrito notificando su desistimiento, ésta advendrá final y firme en cuanto a la ruptura del vínculo matrimonial* y de la liquidación del régimen económico del matrimonio. El tribunal no podrá admitir renuncias a este término. (Énfasis suplido.) R. Ortega Vélez, *Compendio de Derecho de Familia*, San Juan, Pubs. J.T.S., 2000, T. 2, pág. 656.

Inconforme con lo resuelto por el Tribunal de Circuito, la señora Algarín Cruz presentó un recurso de *certiorari* ante nos y planteó como único error que el foro apelativo determinó que la sentencia de divorcio dictada por el tribunal de instancia no era nula, aun cuando advino la muerte de uno de los cónyuges con anterioridad a que ésta

---

(³) En Resolución de 3 de mayo de 1989, el Tribunal Supremo indicó que la utilización de estas guías era discrecional. No obstante, ordenó al Director Administrativo de los tribunales a que tomase medidas para promover su más amplia difusión y al Colegio de Abogados a distribuirlas entre sus miembros.

fuese notificada y se archivase copia de su notificación en autos. Decidimos revisar y expedimos el recurso. Con el beneficio de las comparecencias de la parte peticionaria(⁴) y de la Procuradora Especial de Relaciones de Familia, procedemos a resolver la controversia.(⁵)

A continuación expondremos las normas de derecho aplicables al caso de autos.

## II

*Normas de derecho*

La Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, define *sentencia* como "cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse".(⁶) De otra parte, la Regla 46 de Procedimiento Civil, *supra,* versa sobre la notificación y el registro de las sentencias. Dicha regla le impone al Secretario del tribunal el deber de notificar la sentencia que dicte el tribunal "archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia". Constituye el registro de la sentencia su anotación en el Registro de Pleitos y Procedimientos. La Regla 46 de Procediemiento Civil, 32 L.P.R.A. Ap. III, dispone específicamente que "[l]a *sentencia no surtirá efecto hasta archivarse en autos copia de su*

---

(⁴) La parte recurrida había fallecido y siendo ésta una acción personalísima, no podía ser heredada; por lo tanto, no hay comparecencia alguna de la parte recurrida, el Sr. Santiago Herminio Rivera Meléndez.

(⁵) El 30 de noviembre de 2001 el foro de instancia designó a la Procuradora Especial de Relaciones de Familia como defensora judicial de los cuatro hijos menores del matrimonio Rivera-Algarín.

(⁶) En cuanto a un tribunal apelativo, la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que el término *sentencia* se refiere a la determinación final de ese tribunal en cuanto a la apelación ante sí o en cuanto al recurso discrecional en el cual el tribunal de apelación ha expedido el auto solicitado. De otra parte, dicha regla establece que "[l]a determinación final del tribunal de apelación cuando éste deniega discrecionalmente el auto solicitado se denomina 'resolución' ". Por último la regla dispone que "[l]a determinación final del tribunal de apelación cuando éste desestima por cualquier causa o archiva por desistimiento un recurso de apelación, se denomina 'sentencia' ". Íd.

*notificación*". (Énfasis suplido.) Cabe señalar que si la fecha de archivo en autos de la notificación de la sentencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

El Prof. Rafael Hernández Colón, en su libro *Derecho procesal civil: práctica jurídica de Puerto Rico*, San Juan, Ed. Michie, 1997, Cap. 41, Secs. 4101–4106,[7] nos indica que *una vez se archiva en autos una copia de la notificación de la sentencia y se registra dicha sentencia, ésta se considera final, pero no es ni firme ni ejecutoria.* Es con el transcurso del tiempo que la sentencia adquiere estas otras características. Se convierte en firme una vez transcurre el término para apelar sin que esto se haya hecho, o al concluir el proceso apelativo. Como regla general, al convertirse en firme la sentencia se convierte también en ejecutoria, o sea, que se puede ejecutar.

Reiteradamente hemos expresado que la moción de reconsideración, Regla 47 de Procedimiento Civil, *supra*, tiene como propósito y objetivo principal el darle la oportunidad al tribunal que dictó la sentencia cuya reconsideración se solicita, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla. *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 D.P.R. 213 (1999); *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997). "Al solicitar la reconsideración pueden exponerse fundamentos no expuestos antes de que se haya dictado la sentencia o resolución, pero *no pueden formularse por primera vez planteamientos que necesiten apoyo en prueba no presentada en juicio.*" (Énfasis suplido.) Hernández Colón, *op. cit.*, Cap. 46, Sec. 4601, pág. 294. Sin embargo, aunque en "una moción de reconsideración no deben alegarse nuevos hechos que no han sido considerados por el tribunal al dictar la resolución

---

[7] Véase, además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, R. 51, págs. 801–806.

cuya reconsideración se pide"; esto es permisible si se expresan razones poderosas para no haberlo hecho antes. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, Cap. VIII, pág. 765.

De otra parte, y en lo que concierne a la revisión apelativa de una sentencia,

> ... el tribunal de apelación no puede admitir prueba presentada por primera vez ante dicho tribunal. De así hacerlo, estaría actuando como tribunal de instancia. ... Sin embargo, el tribunal apelativo puede tomar conocimiento judicial de hechos que no hayan sido objeto de tal conocimiento por el tribunal apelado. ... El recurso tiene que resolverse en virtud de los autos que se elevan ante el tribunal de apelación. No es dable que el tribunal considere materia que no se encuentra en los autos que tiene ante su consideración. (Citas omitidas.) Hernández Colón, *op. cit.*, Cap. 51, Secs. 5112–5113, pág. 327.

La Regla 49.2 de Procedimiento Civil, *supra*, a su vez, va dirigida a la discreción del tribunal para que, si alguno de los fundamentos allí dispuestos está presente, el tribunal pueda relevar a la parte promovente de los efectos de la sentencia. Ahora bien, "[i]ndependientemente de la existencia de uno de los fundamentos [expuestos en la Regla 49.2, *supra*], el relevar a una parte de una sentencia ... es una decisión discrecional del tribunal salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha". La moción de relevo no puede utilizarse para impugnar cuestiones substantivas que debieron levantarse antes de la sentencia como defensas afirmativas, o luego de la sentencia en un recurso de revisión. La Regla 49.2, *supra*, específicamente dispone que dicha regla no será aplicable a las sentencias de divorcio, a menos que la moción se funde en fraude o nulidad. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el debido procedimiento de ley. Hernández Colón, *op. cit.*, Cap. 48, Secs. 4801–4803 y 4807, págs. 302–303 y 305.

De otra parte, y en lo que respecta a "[l]a *acción*

*de divorcio, ésta es personalísima*, de suerte que sólo puede ser instada por los cónyuges o contra uno de ellos". (Énfasis suplido.) R. Ortega-Vélez, *Compendio de Derecho de Familia*, San Juan, Pubs. J.T.S., 2000, T. I, Cap. V, Sec. 5.3[2], págs. 181–182.

> ... [L]a acción de divorcio se extingue con la muerte del titular.... El estado civil es un atributo fundamental de la persona. Esto significa que sólo la persona puede cambiar su propio estado civil y que, como regla general, nadie puede disponer libremente del mismo sin que la persona intervenga. (Citas omitidas.) *Sucn. Pacheco v. Eastern Med. Assoc., Inc.*, 135 D.P.R. 701, 710 (1994).

La causa natural de la disolución del matrimonio es la muerte. C.E. Mascareñas, *La disolución del matrimonio en el Derecho puertorriqueño*, 29 Rev. Jur. U.P.R. 269 (1960). Ésta

> [d]e inmediato produce el cese de los deberes matrimoniales del cónyuge sobreviviente, *quien enseguida puede contraer nuevo matrimonio* .... Termina el domicilio conyugal y el cónyuge supérstite adquiere uno propio. Si existe una sociedad de gananciales [é]sta finaliza y se procede a su liquidación a la división de los bienes conyugales.... El cónyuge viudo tiene derecho a una cuota usufructuaria igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados.... Finalmente, de existir en el matrimonio hijos no emancipados, el cónyuge sobreviviente ejercerá exclusivamente la patria potestad sobre ellos. (Énfasis suplido.) R. Serrano Geyls, *Derecho de familia de Puerto Rico y legislación comparada*, San Juan, Ed. Universidad Interamericana de Puerto Rico, 1997, Vol. I, Cap. VI, Sec. 2, pág. 519.

La ruptura del vínculo matrimonial también se puede producir por el divorcio. Entre las causales de divorcio está la del consentimiento mutuo, que se estableció en Puerto Rico en 1978 en el caso *Figueroa Ferrer v. E.L.A.*, 107 D.P.R. 250, 277 (1978), en el cual el Tribunal determinó que

> [h]asta que la Asamblea Legislativa opte, dentro del esquema

constitucional vigente, por prescribir otras normas tendentes a garantizar que la decisión de disolución conyugal por mutuo acuerdo no es hija de la irreflexión, *los tribunales no admitirán renuncias al término para solicitar revisión y la petición de divorcio podrá retirarse en cualquier momento antes que la sentencia se convierta en final y firme.* (Énfasis suplido.)

La Guía Núm. 6, previamente transcrita, recoge esta norma. En el Comentario a esta guía se expresa que el tribunal "debe ser flexible y permitir que los cónyuges por mutuo acuerdo planteen enmiendas a las estipulaciones", que en parte rechace éstas o que se pueda retirar la petición antes de que la sentencia advenga final y firme.

Pasemos ahora a aplicar estas normas de derecho a los hechos del caso que tenemos ante nuestra consideración.

## III

*Aplicación de las normas de derecho a los hechos*

En el caso de autos no está en controversia el hecho de que el 7 de abril de 1990 la señora Algarín Cruz y el señor Rivera Meléndez contrajeron matrimonio, que el 18 de agosto de 2000 el Tribunal de Primera Instancia dictó sentencia para acoger la causal de divorcio por consentimiento mutuo y que ese mismo día dicha sentencia se registró y archivó. Tampoco está en controversia el hecho de que el señor Rivera Meléndez falleció al otro día, el 19 de agosto de 2000, y que no fue sino hasta un poco más de un mes más tarde, el 22 de septiembre de 2000, que el tribunal notificó la sentencia y archivó en autos copia de la notificación. Dentro de los seis meses que establece la Regla 49.2 de Procedimiento Civil, *supra*, como término fatal para presentar una moción de relevo, la señora Algarín Cruz presentó una moción en la que alegó la nulidad de la sentencia de divorcio.

De lo antes expuesto surge con meridiana claridad que al morir el señor Rivera Meléndez, la senten-

cia de divorcio objeto de la solicitud de nulidad aún no era final y mucho menos firme y ejecutoria. Además, al no haberse notificado la sentencia y archivado en autos copia de dicha notificación, ésta no surtió efecto alguno. Regla 46 de Procedimiento Civil, *supra*. Bajo estas circunstancias, no cabe duda de que al morir el señor Rivera Meléndez el matrimonio entre éste y la señora Algarín Cruz aún estaba vigente y que fue al ocurrir la muerte que el matrimonio dejó de existir. En ese momento también perdió su razón de ser el término de treinta días establecido por el caso *Figueroa Ferrer v. E.L.A.*, supra, y la Guía Núm. 6, *supra*, para que dicha sentencia adviniera final y firme. El efecto de la disolución del matrimonio por la muerte de uno de los cónyuges fue inmediato. Desde ese momento el cónyuge sobreviviente podía contraer nuevas nupcias, cesaron sus obligaciones conyugales, adquirió la patria potestad de los hijos menores de edad habidos en el matrimonio y dejó de existir la sociedad de bienes gananciales. Tampoco había acción alguna de la cual desistir, pues siendo el divorcio una acción personalísima, ésta dejó de existir con la muerte de uno de los cónyuges.

Ni la Guía Núm. 6 ni la norma establecida en *Figueroa Ferrer v. E.L.A.*, supra, podían insuflarle vida a un vínculo matrimonial que había quedado disuelto por la muerte de uno de los cónyuges. Bajo las circunstancias específicas de este caso, no nos cabe duda que el mecanismo procesal de la moción de relevo al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, era adecuado. La señora Algarín Cruz no pretendía revisar la sentencia dictada por el foro de instancia por entender que éste se equivocó al emitirla. Tampoco pretendía que un tribunal apelativo revisase y corrigiese algún error cometido por instancia. Fue la muerte del señor Rivera Meléndez, un evento posterior, el que convirtió en inoficiosa, nula y totalmente desprovista de razón de ser, la sentencia de divorcio por consentimiento mutuo que había sido previamente emitida.

Por las razones antes expuestas, *se revoca tanto la sentencia emitida por el foro de instancia el 18 de agosto de 2000 como la Resolución de 29 de noviembre de 2001 del Tribunal de Circuito, en la que se denegaba la solicitud de "certiorari", y concedemos la solicitud de nulidad de la sentencia de divorcio por consentimiento mutuo presentada por la señora Algarín Cruz.*

El Juez Asociado Señor Rivera Pérez no intervino.