ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ANDRÉS RAMÍREZ MALAVÉ Y OTROS<br><br>Recurridos<br><br>v.<br><br>JAMES PADILLA GARCÍA<br><br>Peticionario | KLCE202301329 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Dorado<br><br>Caso Núm.: DO2022CV00129 (403)<br><br>Asunto: Cobro de Dinero – Ordinario |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 22 de diciembre de 2023.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de relevo de una sentencia bajo la Regla 49.2 de las de Procedimiento Civil, *infra*. Según explicaremos a continuación, hemos determinado denegar el auto solicitado, pues, la esposa de la parte demandada no era parte indispensable.

I.

En julio de 2022, los señores Andrés Ramírez Malavé y Alberto Ramírez Rodríguez (los "Clientes") presentaron la acción de referencia, sobre cobro de dinero y daños (la "Demanda"), contra el Sr. James Padilla García (el "Mecánico"). En enero de 2023, se enmendó la Demanda.

Los Clientes alegaron que eran dueños de un vehículo de motor, el cual, por hacer unos "ruidos extraños", llevaron al Mecánico. Alegaron que este no hizo el trabajo encomendado y, en vez, les comunicó que el vehículo "no funcionaba y que él 'ya no sabía que más hacer con el carro'". Adujeron que, cuando otro taller examinó el vehículo, se les informó que el Mecánico había sido negligente, por lo cual los Clientes habían tenido que incurrir en

Número Identificador
RES2023_____

gastos innecesarios y a raíz de lo cual se le ocasionaron daños sustanciales al mismo. Reclamaron la devolución de la labor pagada al Mecánico, del costo de las piezas compradas y que el Mecánico supuestamente dañó, el costo de reparación del vehículo en otro taller, y daños por la pérdida del uso del vehículo y por otros conceptos.

Por no haber contestado oportunamente la Demanda, a pesar de que el Mecánico había comparecido a través de representación legal desde septiembre de 2022, el TPI le anotó la rebeldía al Mecánico. Luego, los Clientes solicitaron que el TPI dictara sentencia sin más trámite, a lo cual el Mecánico se opuso.

Mediante una Sentencia notificada el 21 de junio de 2023 (la "Sentencia"), el TPI declaró con lugar la Demanda. Condenó al Mecánico a pagar a los Clientes la suma de $19,819.53, más $3,000.00 por costas, gastos y honorarios por temeridad. El 7 de julio, el abogado del Mecánico solicitó al TPI ser relevado de la representación de este.

El 17 de octubre de 2023, el Mecánico presentó una *Moción de Relevo de Sentencia y Desestimación de la Demanda por falta de Parte Indispensable* (la "Moción"). Arguyó que, "antes de los hechos del caso", se había casado; que el dinero generado por su trabajo era "en beneficio de la sociedad legal de bienes gananciales constituida entre [él] y su esposa", y que la Sentencia tenía el "efecto de interferir en el derecho propietario" de la sociedad de gananciales. El Mecánico planteó que, "en la ejecución" de la Sentencia, "se ha enumerado unos bienes para embargar que claramente tienen un carácter ganancial".

Los Clientes se opusieron a la Moción. Primero, señalaron que, cuando las partes contrataron, el Mecánico era soltero. Segundo, advirtieron que ellos nunca contrataron con la esposa del Mecánico, por lo que no procedía exigirle responsabilidad. Tercero,

los Clientes plantearon que el Mecánico "cuenta con bienes privativos suficientes para cubrir el monto" de la Sentencia. Por último, expusieron que, en todo caso, la responsabilidad de la sociedad de gananciales sería subsidiaria, si el Mecánico no tuviese suficiente capital para satisfacer la Sentencia y que, en tal caso hipotético, la sociedad de gananciales tendría derecho a ser escuchada.

Mediante una Resolución notificada el 26 de octubre, el TPI denegó la Moción. El 10 de noviembre, el Mecánico solicitó reconsideración, lo cual fue denegado por el TPI mediante una Orden notificada el 14 de noviembre.

Inconforme, el 27 de noviembre, el Mecánico presentó el recurso que nos ocupa. En esencia, reproduce lo planteado en la Moción.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, permite que un tribunal deje sin efecto una sentencia cuando concurre una de las siguientes circunstancias:

a) error, inadvertencia, sorpresa o negligencia excusable;

b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y también el llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

d) nulidad de la sentencia;

e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o

f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Al aplicar esta regla, se tiene que hacer un balance entre el principio de que los casos se deben resolver en los méritos haciendo justicia sustancial y el interés de que los litigios lleguen a su fin. *García Colón v. Sucn. González,* 178 DPR 527, 540 (2010).

La decisión de conceder un remedio bajo esta regla descansa en la sana discreción del juzgador, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín,* 159 DPR 482, 490 (2003). Se entenderá que una sentencia es nula cuando ha sido dictada sin jurisdicción o cuando se ha violado el debido proceso de ley. *Íd.*

Ahora bien, esta regla "no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración", mucho menos cuando se trata de una sentencia dictada correctamente. *García Colón,* 178 DPR a la pág. 541; *Piazza Velez v. Isla del Río,* 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

IV.

La Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, define una parte indispensable como las "personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia [...]". Véanse, además, *Watchtower Bible v. Mun. Dorado I,* 192 DPR 73, 118 (2014); *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 678 (2012); *Deliz et als. v. Igartúa et als.,* 158 DPR 403, 432 (2003); *Sánchez v. Sánchez,* 154 DPR 645, 678 (2001); *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 223 (2007); *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

El interés de la parte debe ser "real e inmediato", para que se considere que dicha parte es indispensable; no puede tratarse de "meras especulaciones o de un interés futuro". *Deliz et als.,* 158 DPR a la pág. 435 (énfasis en el original). El "alcance" de la figura de parte indispensable es "restringido", de forma que

solamente puede invocarse cuando la "adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato" de esta. *García Colón v. Sucn. González*, 178 DPR 527, 549 (2010), citando a *Mun. de Ponce v. A.C. et al.*, 153 DPR 1, 16 (2000).

Para determinar si una parte es realmente indispensable, debemos adoptar un enfoque pragmático, pues el asunto dependerá de los "hechos particulares y específicos" del caso. *Deliz et als.*, 158 DPR a la pág. 434, citando *Granados Navedo v. Rodríguez Estrada II*, 124 DPR 593, 605 (1989). Debemos realizar "una evaluación individual de acuerdo con las circunstancias particulares presentes en cada caso" y no utilizar una "fórmula con pretensiones omnímodas". *García Colón*, 178 DPR a la pág. 550.

En ese contexto, al determinar si estamos ante una parte indispensable, debemos evaluar los siguientes factores: (1) el interés común de todas las partes sobre el asunto medular del pleito; (2) la inmediatez de ese interés ante el litigio en proceso; y (3) la necesidad de que la presencia de la parte acumulada garantice un remedio completo a las partes que ya están en el caso. *Íd.*; *Romero*, 164 DPR a la pág. 733.

V.

Hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI. Veamos.

La esposa del Mecánico no era una parte indispensable en este caso, pues los Clientes podían obtener un remedio completo contra el Mecánico sin la presencia de su esposa. Igualmente, la Sentencia fue dictada únicamente contra el Mecánico, por lo que, de su faz, los intereses de la esposa del Mecánico no se afectan. Incluso, los Clientes han planteado que anticipan poder ejecutar la Sentencia únicamente contra los bienes privativos del Mecánico.

Es solo en el supuesto incierto de que, en algún momento, los Clientes determinasen que tienen interés en reclamarle a la esposa del Mecánico por la ejecución de la Sentencia, que esta parte tendría derecho a ser oída y defenderse. Sin embargo, para fines del trámite acontecido hasta el momento, su presencia no era indispensable.

En fin, considerados cuidadosamente los planteamientos del Mecánico, a la luz de la totalidad del récord, no podemos concluir que haya cometido error alguno el TPI al denegar la Moción.

VI.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones