ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HÉCTOR LUIS MARTÍNEZ FORNARIS<br><br>Demandante - Apelado<br><br>v.<br><br>ELBA IRIS TORRES VÉLEZ<br><br>Demandada - Apelante | TA2025AP00187 | Apelación **-se acoge como *Certiorari*-** procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Civil núm.: PO2024CV02877<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 29 de agosto de 2025.

Luego de una vista evidenciaria, el Tribunal de Primera Instancia ("TPI") denegó una solicitud de relevo de una sentencia bajo la Regla 49.2 de las de Procedimiento Civil, *infra*, ello al concluir, sobre la base de la credibilidad del testimonio del emplazador y los documentos sometidos por este, que la demandada fue correctamente emplazada. Según explicaremos a continuación, hemos determinado denegar el auto solicitado, pues la peticionaria no nos colocó en posición de concluir que hubiese errado el TPI en cuanto a la apreciación de la prueba que tuvo ante sí.

I.

En octubre de 2024, el Sr. Héctor Luis Martínez Fornaris (el "Demandante") presentó la acción de referencia, sobre cobro de dinero (la "Demanda"), contra la Sa. Elba Iris Torres Vélez (la "Doctora").

El Demandante alegó que, en otra acción judicial, de forma "final y firme", se le ordenó a la Doctora pagarle $140,773.10, "correspondiente a los pagos de hipoteca que grava la residencia que

ocupaba …". Solicitó al TPI que ordenase la "ejecución" del referido dictamen.

El 17 de octubre, el Demandante informó al TPI que se había emplazado a la Doctora. Según el diligenciamiento anejado a dicha moción, el Sr. José Rosado Moura (el "Emplazador") realizó la gestión el 16 de octubre, mediante entrega personal a la Doctora, en el área de "emergencias" del "Hospital Metro Pavía Ponce".

El 19 de noviembre, el Demandante solicitó que se le anotara la rebeldía a la Doctora, a lo cual el TPI accedió mediante una Resolución notificada el 20 de noviembre.

El 11 de diciembre, la Doctora compareció a través de representación legal "sin someterse a la jurisdicción del tribunal".

El 12 de diciembre, el TPI notificó una Sentencia, mediante la cual declaró con lugar la Demanda (la "Sentencia").

El 13 de diciembre, la Doctora presentó una *Urgente Moción Solicitando Relevo de Sentencia* (la "Moción"). Aseveró que ella nunca fue emplazada; en apoyo, anejó una declaración jurada suya.

Con el fin de atender debidamente la Moción, el TPI señaló una vista evidenciaria para el 5 de marzo de 2025.

Mientras tanto, el 27 de febrero, el Demandante informó al TPI que la Doctora había sido emplazada en una fecha distinta a la consignada inicialmente en el diligenciamiento del emplazamiento. Aseveró que la "fecha correcta fue el 7 de octubre de 2024", a pesar de que el diligenciamiento presentado ante el TPI se hizo constar la fecha del 16 de octubre. Señaló que se trató de un "error … sin intención y por inadvertencia", y solicitó que se diese por enmendada la fecha del diligenciamiento. El Demandante anejó una declaración jurada del Emplazador haciendo constar lo anterior; en particular, en la misma, el Emplazador afirmó que realizó el emplazamiento el 7 de octubre, entre 4:15 y 4:30 de la tarde.

En respuesta, la Doctora reiteró al TPI que no había sido emplazada en fecha alguna.

La vista evidenciaria fue celebrada el 26 de marzo. En la misma, declaró la Doctora y el Emplazador. Se admitieron unas fotos que ofreció el Emplazador, quien aseveró haberlas tomado el 7 de octubre.

Mediante una Resolución notificada el **11 de junio** (el "Dictamen"), el TPI denegó la Moción, ello "en función de la credibilidad que le merecieron los testigos, la forma en que declararon y adjudicando y dirimiendo la credibilidad de estos".

El TPI señaló que la Doctora admitió haber trabajado, el 7 de octubre, en el hospital en el que el Emplazador aseveró haberla emplazado. El TPI reseñó que el Emplazador pudo acceder al área de trabajo de la Doctora porque un oficial "abrió la puerta de control de acceso". El TPI consignó que creía el testimonio del Emplazador a los efectos de que este emplazó a la Doctora ese día. El TPI observó que, el 16 de octubre, el Emplazador estaba en preparación para una "operación bariátrica" pautada para el día siguiente.

Además, el TPI expresó que el Emplazador "validó la fecha con la foto que tomó del diligenciamiento … la cual refleja la hora y el día: 7 de octubre de 2024 a las 4:23 pm". El TPI aclaró que la foto es de hoja de diligenciamiento entregado a la Doctora, en el cual se hace constar la fecha correcta (7 de octubre). El TPI concluyó que el "error en la fecha que se consignó en el diligenciamiento del emplazamiento que se presentó ante el Tribunal es un mero error de forma que puede ser corregido *nunc pro tunc.*"

El 26 de junio, la Doctora solicitó la reconsideración del Dictamen, lo cual fue denegado por el TPI mediante una Orden notificada el 30 de junio.

El **30 de julio**, la Doctora presentó el recurso que nos ocupa[1]. Sostiene que el TPI no debió adjudicarle credibilidad al Emplazador porque, por ejemplo, la foto del diligenciamiento contenía unas "tachaduras en la fecha" y "tintas distintas", además de que las fotos sometidas eran "deficientes en autenticidad, ya que una de ellas no incluía el número del caso, y todas mostraban indicios de ajuste digital mediante edición de fecha". La Doctora planteó que el TPI debió creerle a ella, quien declaró que nunca fue emplazada personalmente. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprobación Enmdas. Regl. TA,* Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR \_\_\_\_\_, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

---

[1] Aunque el recurso fue presentado como una "apelación", el mismo se acoge como una petición de *certiorari,* por solicitarse la revisión de un dictamen post-sentencia. Adviértase que, aun de considerarse la Moción como una solicitud de reconsideración de la Sentencia, no podríamos considerar el recurso como una apelación de la Sentencia, pues el mismo fue presentado luego del término jurisdiccional aplicable. En efecto, bajo dicho supuesto, la moción de reconsideración del Dictamen, por constituir una segunda moción de reconsideración, no habría interrumpido el término que comenzó a decursar cuando se notificó el Dictamen.

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, permite que un tribunal deje sin efecto una sentencia cuando concurre una de las siguientes circunstancias:

a) error, inadvertencia, sorpresa o negligencia excusable;
b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y también el llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
d) nulidad de la sentencia;
e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o
f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Al aplicar esta regla, se tiene que hacer un balance entre el principio de que los casos se deben resolver en los méritos haciendo justicia sustancial y el interés de que los litigios lleguen a su fin. *García Colón v. Sucn. González,* 178 DPR 527, 540 (2010).

La decisión de conceder un remedio bajo esta regla descansa en la sana discreción del juzgador, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín,* 159 DPR 482, 490 (2003). Se entenderá que una sentencia es nula cuando ha sido dictada sin jurisdicción o cuando se ha violado el debido proceso de ley. *Íd.*

Ahora bien, esta regla "no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración", mucho menos cuando se trata de una sentencia dictada correctamente. *García Colón,* 178 DPR a la pág. 541 (énfasis suplido); *Piazza Velez v. Isla del Río,* 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

IV.

Al ejercer nuestra función revisora, le debemos gran respeto y deferencia a las determinaciones de hechos que hace el juzgador de hechos, en particular a aquellas que descansan sobre su apreciación de la credibilidad de testigos. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-772 (2013); *González Hernández v. González Hernández,* 181 DPR 746, 776-777 (2011). Es dicho juzgador (en este caso, el TPI) quien está en mejor posición para evaluar la prueba, ya que tiene la oportunidad de escuchar a los testigos mientras declaran y de observar su comportamiento. *Íd.* Los foros apelativos solo podemos intervenir con la apreciación de la prueba oral que haga el juzgador de los hechos cuando éste haya actuado con pasión, prejuicio o parcialidad, o haya incurrido en un claro error al aquilatarla. *Dávila Nieves,* 187 DPR a la pág. 771.

Cuando las determinaciones de hechos impugnadas se basan en prueba oral, y no se reproduce dicha prueba, este Tribunal no contará con los elementos necesarios para sustituir la apreciación razonada y fundamentada de la prueba que realizó el TPI.

*Hernández Maldonado v. Taco Maker*, 181 DPR 281, 289-290 (2011); *Camacho Torres v. AAFET*, 168 DPR 66, 92 (2006).

V.

En el ejercicio de nuestra discreción, hemos determinado declinar la invitación de la Doctora a intervenir con el Dictamen. No surge del récord que el TPI haya cometido un error de derecho, ni tampoco se demostró que dicho foro hubiese cometido un claro error en su apreciación de la prueba oral.

Adviértase que la Doctora no disputa que, en esencia, el TPI debía escoger entre dos versiones enteramente contradictorias – la de ella, quien aseveró nunca haber sido emplazada, y la del Emplazador, quien aseveró que sí la emplazó. El TPI le otorgó credibilidad al Emplazador, y no se ha planteado teoría convincente alguna por la cual debamos descartar dicha apreciación. Nuestra conclusión se fortalece ante el hecho de que el Emplazador presentó al TPI una foto del diligenciamiento entregado a la Doctora, del cual surge una fecha que coincide con la fecha provista por el aparato (7 de octubre).

Por otra parte, aunque la Doctora asevera que hay "indicios de ajuste digital" en las fotos, no explica cuáles son esos indicios, ni asevera haber ofrecido al TPI prueba para sustentar esta escueta alegación. Tampoco tiene pertinencia, en este contexto, que la foto del diligenciamiento tenga una tachadura en la parte del mes en que se diligenció o que la parte del diligenciamiento mostrada en la foto omita el epígrafe del caso. De forma similar, y contrario a lo que sugiere la Doctora, la norma es que un error en la constancia del diligenciamiento de un emplazamiento puede ser corregido en cualquier momento. Regla 4.8 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.8.

En fin, considerados cuidadosamente los planteamientos de la Doctora, a la luz de la totalidad del récord, no podemos concluir

que se haya demostrado que se justifique nuestra intervención con lo actuado por el TPI al denegar la Moción.

VI.

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Pérez Ocasio concurre con la determinación de la mayoría y entiende que la Doctora no acompañó una transcripción de la prueba oral para ponernos en mejor posición.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones