Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| TERESITA C. RIERA CARRIÓN<br><br>Demandante - Recurrida<br><br>v.<br><br>JUAN C. ALBORS LAHONGRAIS<br><br>Demandado - Peticionario | TA2026CE00410 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: SJ2021CV03041 (501)<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de abril de 2026.

El Tribunal de Primera Instancia ("TPI") denegó una moción de relevo de una determinación mediante la cual se ordenó a un demandado que le adelantara a la demandante una porción del caudal ganancial objeto de división entre ellos. Según se explica a continuación, no procede nuestra intervención, pues el demandado no expuso razón válida alguna para sustentar su solicitud.

I.

En mayo de 2021, la Sa. Teresita C. Riera Carrión (la "Demandante") presentó la acción de referencia, sobre división de bienes gananciales (la "Demanda"), en contra del Sr. Juan C. Albors Lahongrais (el "Demandado"). Expuso que las partes se casaron en 1994 y se divorciaron en el 2012. Alegó que, luego del divorcio, el Demandado "es quien único ha tenido ... el control y disfrute de todos los bienes muebles e inmuebles adquiridos durante el matrimonio". Solicitó la liquidación "del haber comunal" y "un adelanto de su participación por la suma de un millón de dólares".

Luego de varios trámites, y con el fin de adjudicar la solicitud de adelanto de la Demandante, se celebraron varias vistas evidenciarias durante el **2024 y 2025**. Durante las vistas, se admitió prueba documental (43 exhibits), y se recibió el testimonio de las partes y de un contable.

Mediante una Resolución notificada el 27 de agosto de 2025 (SUMAC 630, o la "Determinación"), el TPI le ordenó al Demandado adelantarle a la Demandada la suma solicitada.

Como parte de la Determinación, el TPI formuló 181 determinaciones de hecho. El TPI expuso que las partes "levantaron un cuantioso caudal a través de las empresas creadas durante el matrimonio" y que, separadas las partes, el Demandado "eliminó todo acceso [de la Demandada] a los activos de la sociedad, a los bienes inmuebles adquiridos … y a todo tipo de sustento económico …". **El TPI concluyó que "el caudal a liquidar sobrepasa los 8 millones de dólares" y que la Demandada había demostrado "la necesidad que tiene de obtener activos y frutos para su sustento".**

Inconforme, el Demandado solicitó a este Tribunal que revisara la Determinación. En su escrito, el Demandado arguyó, entre otros planteamientos, que la Demandante "reconoció haber recibido, al menos, $400,000.00 provenientes de acciones de Popular, Inc., en algún momento a partir de la separación del matrimonio", pero que el TPI había concluido, "erróneamente", que ello "no era pertinente en la determinación de un adelanto". Véase pág. 13 (sexto error) de escrito de "Apelación" del Demandado en TA2025AP00578 (Entrada 1). Otro panel de este Tribunal acogió el recurso como una petición de *certiorari* y denegó la expedición del auto solicitado (Resolución de 19 de diciembre de 2025, Entrada 6, TA2025AP00578).

El 27 de enero de 2026, el Demandado presentó una moción de relevo de sentencia por fraude, "al amparo de la Regla 49.2 de Procedimiento Civil" (la "Moción"; SUMAC 684). Sostuvo que la Demandante mintió al TPI en cuanto a "la venta de las acciones del Banco Popular" (las "Acciones del BP"), pues había declarado falsamente que esas acciones se vendieron "durante la vigencia del matrimonio". Arguyó que ello era un asunto "medular" porque, como dichas acciones tenían un valor de "cientos de miles de dólares", y eran parte de la "masa postganancial", la Demandante "pierde su reclamo de que es comunera sin acceso a los bienes en comunidad, y se hace improcedente el adelanto que reclama".

El 2 de marzo, la Demandante se opuso a la Moción. Aclaró que las Acciones del BP "siempre han sido privativas". Planteó que lo declarado por ella (en las vistas del 2024 y 2025) fue a los efectos de que, previo al divorcio, autorizó la venta de las Acciones del BP y que entendía ello había ocurrido antes del 2012. Reconoció que, según los correspondientes estados de cuenta, las Acciones del BP en realidad se vendieron en el 2015 y 2016.

La Demandante arguyó que la fecha de la venta de dichos activos "no incide de manera alguna" en la Determinación, pues la controversia allí adjudicada "era si del caudal a liquidar existían suficientes activos como para adjudicar la cantidad de un millón de dólares como adelanto a la parte demandante". Expuso que la Determinación respondió al hecho de que "la masa postganacial a dividir es de al menos 8 millones de dólares, de los cuales el demandado ya se había realizado adelantos por más de un millón de dólares".

Mediante una Resolución notificada el 4 de marzo (el "Dictamen"), el TPI denegó la Moción. El TPI razonó que "la venta de las acciones … ya fuera en el 2015 y 2016 en vez del 2011, como declarado, no incide de manera alguna en la determinación sobre si

[en] el caudal a liquidar existían suficientes activos como para adjudicar la cantidad de un millón de dólares, como adelanto a la parte demandante".

El 6 de abril (lunes), el Demandado presentó el recurso que nos ocupa, mediante el cual solicita que revisemos el Dictamen. En esencia, el Demandado reproduce lo planteado ante el TPI en la Moción. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, permite que un tribunal deje sin efecto una sentencia cuando concurre una de las siguientes circunstancias:

> a) error, inadvertencia, sorpresa o negligencia excusable;
> b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y también el llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> d) nulidad de la sentencia;
> e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o
> f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Al aplicar esta regla, se tiene que hacer un balance entre el principio de que los casos se deben resolver en los méritos haciendo justicia sustancial y el interés de que los litigios lleguen a su fin. *García Colón v. Sucn. González*, 178 DPR 527, 540 (2010).

La decisión de conceder un remedio bajo esta regla descansa en la sana discreción del juzgador, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003). Se entenderá que una sentencia es nula cuando

ha sido dictada sin jurisdicción o cuando se ha violado el debido proceso de ley. *Íd.*

Ahora bien, esta regla "**no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración**", mucho menos cuando se trata de una sentencia dictada correctamente. *García Colón*, 178 DPR a la pág. 541 (énfasis suplido); *Piazza Vélez v. Isla del Río*, 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

IV.

En el ejercicio de la discreción que nos confiere la Regla 40, *supra*, hemos determinado no intervenir con el Dictamen.

El Dictamen es razonable; resaltamos que, a través de varios señalamientos, el TPI celebró una extensa vista evidenciaria producto de lo cual recibió abundante prueba documental y testimonial. Como resultado, el TPI concluyó que, tomando en cuenta el tamaño del caudal a dividir, la situación económica actual de la Demandante, y el control del Demandado sobre el referido caudal, se justificaba el adelanto solicitado. Por tanto, el proceso refleja una decisión ponderada y razonable del TPI.

El planteamiento traído por el Demandado en la Moción no justifica el relevo de la Determinación, según acertadamente concluido por el TPI. Como cuestión de umbral, y según arriba reseñado, lo esencial en cuanto a esta controversia ya se había traído a la consideración de este Tribunal a través del recurso mediante el cual el Demandado solicitó la revisión de la Determinación. En efecto, allí se planteó que el TPI había errado al no considerar pertinente la cuantía recibida por la Demandante a raíz de la venta de las Acciones del BP (sexto error del escrito del Demandado).

De todas maneras, subrayamos que la Determinación se produce en el **2025, a raíz de vistas celebradas a partir del 2024**.

Por tanto, el que las Acciones del BP se hayan vendido en el 2015 y 2016, en vez de en el 2011, sencillamente no tiene pertinencia en cuanto a los asuntos medulares sobre los cuales el TPI tenía que pasar juicio: el monto del caudal a dividir y el estado económico de la Demandante, así como el control por el Demandado del referido caudal, todo ello **a la fecha de la Determinación**. Ello con el fin de determinar la razonabilidad del adelanto solicitado.

En fin, el Demandado no demostró que sea irrazonable, o contraria a derecho, la determinación del TPI de denegar el relevo de la Determinación. Por tanto, en el ejercicio de nuestra discreción, declinamos intervenir con el Dictamen.

V.

Por los fundamentos antes expuestos, se deniega expedir el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones