| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES TERRA, INC.<br>**Recurrida**<br><br>V.<br><br>JOSÉ YAMIL BÁEZ MELÉNDEZ, MELISSA SERRANO RODRÍGUEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br>**Peticionarios** | KLAN202400170 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil. Núm. CY2023CV00387<br><br>Sala: 705<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

El 23 de febrero de 2024, el Sr. José Y. Báez Meléndez (señor Báez o peticionario), compareció ante nos, mediante un recurso de *Apelación*[1] y solicitó la revisión de una *Orden* que se emitió el 19 de enero de 2024 y se notificó el 22 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI determinó lo siguiente: "Véase sentencia dictada por el Tribunal, con fecha de 12 de diciembre de 2023". Cabe precisar que, **el TPI emitió este dictamen en respuesta a una Moción de Relevo de Sentencia que presentó el peticionario.** Atendido el recurso, el 5 de marzo de 2024, emitimos una *Resolución* conforme a la Regla 83.1 de nuestro reglamento ordenándole a la jueza que preside el presente caso ante el TPI a que fundamentara la referida *Orden* recurrida en cuanto a la Moción de Relevo de

---

[1] Acogemos la apelación de epígrafe como un *certiorari*, por ser el recurso adecuado para la revisión de la determinación recurrida ya que la controversia ante nos trata de un asunto postsentencia. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

Sentencia que presentó el señor Báez. En cumplimiento con nuestra orden, el 5 de abril de 2024, la jueza emitió y notificó una *Resolución* fundamentando su determinación y declaró No Ha Lugar la solicitud de relevo de sentencia que presentó el señor Báez.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido.

I.

El 13 de septiembre de 2023, la Asociación de Residentes Terra, Inc. (Asociación o recurrida) presentó una *Demanda* sobre cobro de dinero en contra del peticionario, la señora Serrano y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los demandados).[2] Alegó que los demandados eran dueños en pleno dominio de una propiedad ubicada en el municipio de Cayey y llevaban más de cinco (5) años sin pagar las cuotas de mantenimiento. Así pues, indicó que a pesar de múltiples gestiones realizadas para el cobro de la deuda que ascendía a la suma de $11,700.00 hasta junio del año 2023, los demandados se negaban a pagarla. Afirmó que la referida deuda era cierta, líquida y exigible. Consecuentemente, le solicitó al TPI a que ordenara el pago de la deuda antes expuesta y el 33% del total adeudado por concepto de honorarios de abogado.

Ese mismo día, a saber, el 13 de septiembre de 2023, la Asociación sometió una *Moción Informativa Sometiendo Emplazamientos Diligenciados* en la cual anejó los emplazamientos dirigidos al señor Báez, la señora Serrano y la Sociedad Legal de Gananciales compuesta por ambos.[3] Además, le solicitó al TPI a que procediera a expedirlos. El 13 de octubre de 2023, los emplazamientos fueron expedidos por la Secretaría del Tribunal. El 2 de noviembre de 2023, la parte apelada presentó una *Moción*

---

[2] Véase, págs. 2-3 del apéndice del recurso.
[3] Íd., págs. 8-15.

*Emplazamiento Diligenciado* en la cual anejó los emplazamientos debidamente diligenciados.[4]

El 7 de diciembre de 2023, el Sr. Francisco E. Achecar Pabón en representación de la Asociación, presentó una *Moción Solicitando Anotación de Rebeldía*.[5] Afirmó que, el 2 de noviembre de 2023, se sometió la evidencia juramentada de los emplazamientos diligenciados personalmente a los demandados. Sin embargo, señaló que ya habían transcurrido los treinta (30) días que dispone las Regla de Procedimiento Civil para contestar la demanda desde que se emplazaron a los demandados y estos no habían comparecido. Por esta razón, solicitó la anotación de rebeldía de estos últimos y se dictara sentencia en derecho concediendo el remedio solicitado.

Así las cosas, ese mismo día, a saber, el 7 de diciembre de 2023, el TPI dictó una *Orden* que se notificó el 8 de diciembre de 2023 en la cual anotó en rebeldía a la parte demandada.[6] Luego, el 12 de diciembre de 2023, el TPI dictó y notificó una *Sentencia*.[7] En esta, declaró Ha Lugar la *Demanda* por lo que dio por admitidas las alegaciones bien hechas de la *Demanda* de conformidad con la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 45.1. Consecuentemente, condenó a los demandados a pagar la suma de $12,600.00 por concepto de cánones de mantenimiento adeudados más los recargos y/o intereses y/o penalidades que aplicasen por tratarse de una cantidad líquida, determinada y exigible. Asimismo, le ordenó a estos últimos a pagar la cantidad de $3,500.00 por concepto de honorarios de abogado. Por último, puntualizó que la cantidad total adeudada devengaría intereses legales a razón de 8%

---

[4] Íd., págs. 27-33.
[5] Íd., págs. 35-36.
[6] Íd., pág. 37.
[7] Íd., págs. 38-39.

anual, contados a partir de la fecha en el que el Tribunal dictó esta *Sentencia*.

Posteriormente, el 26 de diciembre de 2023, los demandados presentaron un *Relevo de Sentencia por Fraude al Tribunal y Otros* [...].[8] En primer lugar, alegaron que se encontraban en un plan de pago con la Asociación de Residentes para el pago de las cuotas de mantenimiento por lo que la cuantía reclamada no era real. Luego, en lo pertinente, aclararon que, el señor Báez nunca fue emplazado personalmente el 23 de octubre de 2023 como constaba en el dorso del diligenciamiento del emplazamiento ya que éste se encontraba fuera de Puerto Rico para esta fecha. Para evidenciar dicha alegación incluyeron una copia de un pasaporte con un ponche de entrada a Madrid el 12 de octubre de 2023 y de salida el 24 de octubre de 2023.[9] Además, señalaron que existía una grabación de cámara del 23 de octubre de 2023 mediante la cual se evidenciaba que el emplazador se personó a la propiedad del peticionario y que éste trató de emplazarlo, pero nadie contestó por lo que se montó en su vehículo y se fue. Por las razones antes expuestas, sostuvieron que la *Sentencia* del 12 de diciembre de 2023 era nula toda vez que se dictó sin jurisdicción sobre la persona ya que el señor Báez no se emplazó conforme a derecho. Además, afirmaron que la deuda no estaba vencida ni era líquida y exigible y que no procedían los honorarios de abogado.

En respuesta, el 4 de enero de 2024, la Asociación presentó una *Moción en Cumplimiento de Orden en Contestación a Relevo de Sentencia* [...].[10] En primer lugar, indicó que no existía ningún acuerdo de pago entre las partes, sino que se les había enviado una carta a los demandados para llegar a un acuerdo de pago y que estos

---

[8] Íd., págs.40-44.
[9] Íd., pág.46.
[10] Íd., págs. 51-52.

le hicieron caso omiso. Por otro lado, aclaró que de manera inequívoca el emplazador informó que emplazó al señor Báez el 23 de octubre de 2023, pero que este último verdaderamente fue emplazado personalmente el 25 de octubre de 2023. Manifestó que el emplazador visitó la propiedad del peticionario el 23, 24, y 25 de octubre de 2023 y que, en una de esas visitas, le informaron que el señor Báez regresaba el 24 de octubre de 2023. Afirmó que el emplazador, bajo juramento, sostuvo que emplazó al señor Báez de manera personal y, por lo tanto, solicitó que se presentara como evidencia los videos de la cámara de los días 24 y 25 de octubre de 2023 para que se pudiese hacer constar que en efecto se diligenció el emplazamiento. De igual manera, expresó que, como prueba faheciente de que el peticionario se emplazó también hubo una llamada telefónica que este último le hizo al secretario de la Junta de Residentes donde le informó que le habían entregado el emplazamiento. A tales efectos, concluyó que no procedía la solicitud de relevo de sentencia.

El 8 de enero de 2024, la parte demandada presentó una *Moción Reiterando Relevo de Sentencia* [...].[11] En esta reiteraron los argumentos previamente expuestos. Además, se negaron a la entrega de la evidencia de las cámaras de los días 24 y 25 de octubre de 2023 ya que el TPI carecía de jurisdicción sobre su persona y, por ende, la *Sentencia* que dictó era nula. El 11 de enero de 2024, la Asociación presentó una *Moción en Cumplimiento de Orden.*[12] En esta, informó que se había reunido con el emplazador una vez se le notificó la solicitud de relevo de sentencia y luego de una investigación e información provista por otros individuos se confirmó que el señor Báez había sido debidamente emplazado. Además, puntualizó que el emplazador les informó que cuando fue

---

[11] Íd., págs. 54-58.
[12] Íd., págs. 60-62.

a juramentar el diligenciamiento del emplazamiento no estaba seguro si escribió 23 o 25 de octubre como la fecha en la que emplazó al peticionario. Sin embargo, insistió que no había duda de que en efecto el señor Báez fue emplazado. De este modo, le solicitó al TPI a que les permitiera enmendar el emplazamiento para cambiar la fecha según lo permite la Regla 4.8 de Procedimiento Civil, 32 LPRA Ap. V., R.4.8. Cabe precisar, que el TPI no atendió esta solicitud.

El 18 de enero de 2024, los demandados presentaron una *Moción Reiterando Desestimación por Falta de Jurisdicción* [...] reiterando los argumentos previos.[13] Evaluados los escritos de las partes, el 19 de enero de 2024, el TPI dictó una *Orden* que se notificó el 22 de enero de 2024 mediante la cual resolvió lo siguiente: "Véase sentencia dictada por el Tribunal, con fecha de 12 de diciembre de 2023".[14] Inconforme con esta determinación, el 23 de enero de 2024, los demandados presentaron una solicitud de reconsideración y determinaciones de hechos adicionales.[15] Ese mismo día, a saber, el 23 de enero de 2024, la parte recurrida presentó una respuesta a la solicitud de reconsideración.[16] Así las cosas, el 24 de enero de 2024, el TPI dictó una *Orden* declarando No Ha Lugar la solicitud de reconsideración.[17]

Aún en desacuerdo, el 23 de febrero de 2024, el señor Báez presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el TPI de forma crasa y abuso de su discreción al sostener su sentencia emitida sin jurisdicción sobre la persona de los demandados apelantes.**
>
> **Erró el TPI y abuso de su discreción al dictar sentencia en rebeldía sin ostentar jurisdicción de los demandados, sin celebrar vista alguna y sin que la**

---

[13] Íd., págs. 68-74.
[14] Íd., pág. 75.
[15] Íd., págs. 76-82.
[16] Íd., págs. 83-86.
[17] Íd., pág. 1.

**demandante apelada solicitara la sentencia y en violación al debido proceso de ley.**

**Erró el TPI y abuso de su discreción al sostener una sentencia dictada en rebeldía, nula por falta de jurisdicción, y a base de alegaciones mendaces, contradictorias de la parte apelada.**

**Erró el TPI a declarar No Ha Lugar la reconsideración y al no emitir determinaciones de hechos adicionales, conforme solicitado.**

**Erró el TPI y abuso de su discreción al conceder honorarios exorbitantes que no fueron solicitados por los demandantes apelados, que nunca fueron pactados y tampoco fueron resueltos de haber declarado temerarios a los demandados apelantes.**

**Erró el TPI y abuso de su discreción al determinar final la sentencia desde el momento de haberla dictado; sin haber sido solicitado por los demandantes apelados.**

Atendido el recurso, el 27 de febrero de 2024 emitimos una *Resolución* concediéndole a la parte recurrida hasta el 21 de marzo de 2024 para presentar su alegato en oposición. Por otro lado, como mencionamos previamente, el 5 de marzo de 2024, emitimos una *Resolución* al amparo de la Regla 83.1 de nuestro reglamento ordenándole a la jueza que presidio el caso ante el TPI un término de diez (10) días para que fundamentara la *Orden* que dictó el 19 de enero de 2024 en cuanto a la Moción de Relevo de Sentencia que presentó el peticionario conforme la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 49.2. No fue hasta el 5 de abril de 2024 que la jueza emitió y una *Resolución* conforme a nuestra orden. En esta, en lo pertinente, concluyó lo siguiente:

A parte de la prueba documental indicada, la cual fue sometida en la primera moción de relevo, ninguna de las partes sometió prueba documental adicional. Ambos se basaron en sus planteamientos expuestos en los respectivos escritos. Así las cosas, adjudicada la credibilidad que nos merecieron los escritos de las partes y conforme al derecho aplicable, como ya indicáramos, resolvemos que no procede el relevo de sentencia. Si bien es cierto que Báez pudo haber estado en España el 23 de octubre de 2023 y que el emplazamiento indica al dorso que fue diligenciado en dicha fecha, también lo es el hecho de que no rebatió de forma alguna el que se hubiese diligenciado verdaderamente el 25 de octubre de 2023 y que el

emplazador se equivocó al escribir la fecha. Mas aún, cuestionó el planteamiento de la Asociación respecto a que la llamada telefónica al secretario de la Junta el 25 de octubre era prueba de que fue emplazado y que tenía conocimiento de la demanda, más no negó el haberla hecho y el contenido de la misma. Báez levantó planteamientos de fraude y de violaciones éticas en contra de la Asociación y de su representante legal, más no presentó evidencia específica, creíble, clara y contundente de que no fue emplazado el 25 de octubre de 2023.

Por tanto, aplicando por analogía lo resuelto en el caso antes citado *Caribbean Orthopedics v. Medscape, et al.*, supra, respecto a que la omisión de la fecha era susceptible de ser corregido conforme a la Regla 4.8 de las de Procedimiento Civil, supra, y que, en dicho caso, no constituyó una violación de los derechos esenciales de la parte demandada, pues quedó constatado el conocimiento que la parte tenía de la demanda, resolvemos que, igualmente en este caso, quedó constatado el diligenciamiento y el conocimiento que tuvo la parte demandada de la demanda mediante la llamada que éste hizo al secretario de la Junta de la Asociación.

Destacamos que, tampoco surge prueba de que la Asociación y el emplazador incurrieron en fraude y/o actuaran de mala fe, con intención de perjudicar a Báez. Por el contrario, la propia Asociación admitió el error y solicitó su corrección tan pronto se percató del mismo. De otra parte, consideremos meritorio mencionar que, el propio Báez admitió la existencia de la deuda en sus escritos, ya que contrario a lo planteado, afirmó haber estado en un plan de pago. Por lo general, un plan de pago es concedido a una persona que adeuda y no al que está al día en el pago de una cuenta.

Evaluada esta *Resolución,* el 8 de abril de 2024, emitimos una *Resolución* mediante la cual le concedimos a las partes un término de cinco (5) días para que se expresaran en cuanto al referido dictamen.

Cabe precisar que, la parte recurrida oportunamente presentó su *Contestación de Apelación* y en esta negó que el TPI cometiera los errores que el señor Báez le imputo. Además, junto a su oposición, la Asociación presentó una declaración jurada del emplazador mediante la cual este último hizo constar que, por error, cuando fue a juramentar los emplazamientos el 31 de octubre de 2023, anotó en sus apuntes el 23 de octubre de 2023 como el día en que emplazó al señor Báez, cuando el día correcto era el 25 de octubre de 2023.

Esta declaración jurada se presentó por primera vez ante este Tribunal por lo que no la podemos tomar en consideración. Sin embargo, recalcamos que la Asociación reconoció que la fecha que constaba del diligenciamiento de emplazamiento no era la correcta previo a que se acudiera ante nos en alzada y solicitaron una enmienda al emplazamiento conforme a la Regla 4.8 de Procedimiento Civil, *supra* para corregir la fecha.

En cumplimiento con nuestra orden del 8 de abril de 2024, las partes presentaron sus respectivas posturas en cuanto a la *Resolución* que emitió el TPI el 5 de abril de 2024 sobre la solicitud relevo de sentencia que solicitó el señor Báez. En síntesis, la Asociación expresó que el TPI no erró al declarar No Ha Lugar el relevo de sentencia ya que era evidente que tan pronto se alegó que había un error con la fecha del diligenciamiento del emplazamiento se solicitó una enmienda al emplazamiento conforme a la Regla 4.8 de Procedimiento Civil, *supra,* para rectificar el error lo más pronto posible. Reiteraron que estos actuaron de buena fe en todo momento y que fueron diligentes. Por otro lado, en síntesis, el peticionario sostuvo que el TPI erró al no acoger sus argumentos y declarar No Ha Lugar su solicitud de relevo de sentencia. Reiteró que nunca fue emplazado y que la *Sentencia* que se dictó el 12 de diciembre de 2023 era nula por dictarse sin jurisdicción.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver. *Veamos.*

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera

discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra,* el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR,* 185 DPR 307,

339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

**-B-**

La Regla 49.2 de Procedimiento Civil, *supra,* establece el mecanismo procesal disponible para solicitar al Tribunal de Instancia el relevo de los efectos de una sentencia. *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010). Específicamente, la aludida Regla dispone lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

a) error, inadvertencia, sorpresa o negligencia excusable;

b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

d) nulidad de la sentencia;

e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

> […]

Para que proceda el relevo de sentencia bajo la referida regla, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". Íd., pág. 540. Además, una moción basada en la aludida Regla debe estar bien fundamentada, pues sabido es que los dictámenes emitidos por nuestros tribunales gozan de una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés,* 83 DPR 685, 690 (1961). Cabe precisar, que, como regla general, dicha acción tiene

que ejercitarse dentro los seis (6) meses siguientes al archivo y notificación de la sentencia. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 698 (2020). Sin embargo, a modo de excepción, tal norma cede cuando se trata de una sentencia que adolece de nulidad. Íd.

A tenor con lo antes expuesto, cabe precisar que, independientemente de la existencia de uno de los fundamentos expuestos en la regla, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

**-C-**

El Art. II Sec. 7 de la Constitución de Puerto Rico establece, entre otras cosas, que ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley. Art. II Sec. 7, Const. ELA, LPRA, Tomo 1. El debido proceso de ley "se refiere al derecho de toda persona a tener un juicio justo con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Gautier Vega v. Comisión Estatal de Elecciones*, 205 DPR 724, 743 (2020). En esencia, este derecho garantiza que los ciudadanos no pierdan su libertad o propiedad sin la oportunidad de ser oídos. *Aut. de Puertos v. HEO*, 186 DPR 417, 428 (2012).

El debido proceso de ley opera en dos (2) modalidades, la sustantiva y la procesal. *Gautier Vega v. Comisión Estatal de Elecciones,* supra, pág. 443. En lo pertinente, la vertiente procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento justo y equitativo. Íd. La activación de esta garantía constitucional requiere que exista un interés de libertad o propiedad que deba protegerse. Íd., pág. 743.

La característica primordial del debido proceso de ley es que el procedimiento debe ser justo. *U. Ind. Emp. AEP v. AEP,* 146 DPR 611, 616 (1998). Ahora bien, a través de la jurisprudencia, el Tribunal Supremo ha identificado los requisitos que todo procedimiento adversativo debe satisfacer para garantizar las exigencias mínimas del debido proceso de ley, a saber: (1) una notificación adecuada; (2) un proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos; (5) tener asistencia de abogado; y (6) que la decisión se fundamente en la evidencia presentada y admitida. *Hernández v. Secretario*, 164 DPR 390, 396 (2005).

III.

En sus primeros tres señalamientos de error, en esencia, el señor Báez argumentó que el TPI erró al dictar *Sentencia* en rebeldía sin ostentar jurisdicción sobre su persona y sin celebrar vista alguna en violación al debido proceso de ley. En su cuarto señalamiento de error, sostuvo que el TPI erró al declarar No Ha Lugar su solicitud de reconsideración y no emitir determinaciones de hechos adicionales según fueron solicitadas. Por otra parte, en su quinto señalamiento de error, indicó que el TPI erró al concederle a la Asociación honorarios de abogado que, a su juicio, eran exorbitantes. Por último, en su sexto señalamiento de error alegó que el TPI erró al determinar que la Sentencia que se dictó en rebeldía era final desde el momento que se dictó.

Discutiremos los primeros tres señalamientos de error por estar íntimamente relacionados entre sí. En su solicitud de Relevo de Sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, el apelante sostuvo que no fue emplazado el 23 de octubre de 2023 como constaba del diligenciamiento del emplazamiento. Sostuvo que para esa fecha se encontraba fuera de Puerto Rico y para evidenciar esta alegación presentó una copia de un pasaporte

con un ponche de salida de Madrid el 24 de octubre de 2023. Además, afirmó que existía una grabación que evidenciaba que el emplazador visitó su residencia el 23 de octubre de 2023 y se fue debido a que este no se encontraba allí.

Por su parte, la parte apelada reconoció que por error e inadvertencia el emplazador se equivocó con la fecha de diligenciamiento del emplazamiento y afirmó que realmente se había emplazado al señor Báez el 25 de octubre de 2023. Para respaldar su alegación solicitó que se presentaran como evidencia los videos de cámara del día 25 de octubre de 2023. Además, expresó que el emplazador estaría disponible como testigo de ser necesario para corroborar lo antes expuesto. Por otro lado, añadió que como prueba *faheciente* que en efecto se emplazó al apelante, hubo una llamada telefónica entre este último y el secretario de la Junta de Residentes en la cual presuntamente el apelante le informó que lo habían emplazado.

El TPI evaluó los planteamientos de ambas partes y sin que se presentara prueba documental alguna excepto una copia del pasaporte les adjudicó credibilidad a los argumentos de la parte apelada. Particularmente se limitó a expresar que el apelante en ningún momento rebatió que no fue emplazado el 25 de octubre de 2023 y que el emplazador se equivocó al escribir la fecha. Además, puntualizó que el apelante no negó haber realizado la llamada telefónica que incluyó la Asociación como parte de sus planteamientos parra respaldar su argumento que en efecto el senor Báez fue emplazado. A base de los escritos de las partes y el derecho aplicable, el TPI determinó que no procedía la solicitud de relevo de sentencia que presentó el apelante.

Entendemos que los argumentos que han presentado las partes en cuanto a la controversia de emplazamiento del apelante no son suficientes para que el TPI adjudique el asunto basado en

ello. Así pues, le ordenamos al TPI a que celebre una vista evidenciaria para que las partes tengan la oportunidad de presentar la prueba documental y testifical necesaria para probar sus argumentos. Recordemos que las partes, en sus comparecencias, aludieron a cierta prueba que poseían pertinente a la controversia ante nos, pero en efecto no la presentaron. Mediante la evaluación de esta prueba o en la que su día se presente, el TPI podrá adjudicar la presente controversia adecuadamente y determinar si en efecto se emplazó al señor Báez y adquirió jurisdicción sobre su persona. De igual forma, se salvaguardará el derecho de un debido proceso de ley que protege a las partes. En vista de lo antes expuesto, los primeros tres señalamientos de error se cometieron.

Debido a que se tendrá que emitir un nuevo dictamen luego de la celebración de la vista que ordenamos, no pasaremos juicio sobre el cuarto señalamiento de error. Por otro lado, lo expuesto en el quinto y sexto señalamiento de error son cuestiones que se debieron haber planteado mediante una apelación dentro del término provisto en ley para acudir en alzada desde que se dicta Sentencia. Recordemos que estamos ante una moción de relevo de sentencia. Por lo tanto, la parte apelante está impedida de levantar asuntos que se debieron plantear antes de que la Sentencia fuese final y firme.

IV.

Por los fundamentos antes expuestos, expedimos el auto de certiorari y ***revocamos*** el dictamen recurrido. Así le ordenamos al TPI para que celebre una vista conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones