Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| FIRSTBANK PUERTO RICO<br><br>Demandante-Recurrido<br><br>Vs.<br><br>CARLOS AUGUSTO MOJICA COTTO, RUTH ESTHER RODRÍGUEZ PAGÁN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Demandados-Peticionarios | KLCE202401336 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV00593<br><br>Sala: 802<br><br>Sobre:<br><br>COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2025.

Por las razones que se exponen a continuación denegamos el auto de *certiorari* aquí solicitado.

### -I-

El 21 de febrero de 2024 la parte peticionaria, el señor Carlos Augusto Mojica Cotto, la señora Ruth Esther Rodríguez Pagán, y la sociedad de bienes gananciales compuesta por ambos, fueron demandados por el impago de una deuda suscrita con FirstBank de Puerto Rico. La parte recurrida demandó el pago de la deuda o la ejecución de la garantía inmobiliaria ofrecida por la parte peticionaria. Según consta en el expediente la parte peticionaria fue emplazada el 2 de marzo de 2024, y también fueron citadas por el tribunal a dos sesiones de mediación los días 15 y 30 de marzo de 2024 en el Centro de Mediación de Conflictos.

Número Identificador

RES2025 _____

Sin embargo, la parte peticionaria no compareció a las citas de mediación.

Así las cosas, a petición de parte, el 17 de mayo de 2024 el tribunal anotó la rebeldía a la parte peticionaria, y el 20 de mayo de 2024 emitió una sentencia en rebeldía. En la sentencia el tribunal ordenó el pago de la deuda reclamada, en la alternativa la ejecución de la hipoteca impuesta sobre la vivienda de la parte peticionaria. El hogar de la parte peticionaria fue vendido en pública subasta y la orden de lanzamiento emitida y notificada personalmente a la parte peticionaria. Durante el trascurso del trámite *post* sentencia, el Federal National Mortgage Association (Fannie Mae) sustituyó al FirstBank de Puerto Rico como parte demandante por haber adquirido del segundo la deuda objeto de la demanda.

El 19 de noviembre de 2024 la parte peticionaria compareció ante el foro primario mediante una moción de relevo de sentencia. En resumen, la parte peticionaria negó haber sido emplazada, que la deuda no existe pues no dejó de incumplir con los pagos mensuales, y que conoció por primera vez de la demanda cuando fue emplazada con el mandamiento de lanzamiento por el alguacil del tribunal. Igualmente reclamó hogar seguro, estar cobijados por La Carta de Derechos y Política Pública del Gobierno de Puerto Rico de los Adultos Mayores, Ley Núm. 121-2019. Por último, la parte peticionaria aseveró que, el señor Mojica Cotto de 84 años, es veterano del ejército y cuenta con un historial de salud mental.

El foro primario denegó la petición de relevo de sentencia y también denegó la reconsideración presentada por la parte peticionaria. Inconforme, comparece la parte peticionaria, y apunta los siguientes errores:

> Erró el Tribunal de Primera Instancia al declarar no ha lugar la solicitud de relevo de sentencia al amparo de las Reglas de Procedimiento Civil 45.3 y 49.2 y otros

solicitados por los comparecientes sin especial atención al hecho que los codemandados son adultos mayores cuyo hogar tiene que ser protegido de lanzamiento, sin más.

Erró el Tribunal de Primera Instancia, abusando de su discreción y actuando al margen del derecho aplicable al negarse a conceder el remedio de relevo de sentencia al amparo de las reglas de procedimiento civil 45.3 y 49.2 y otros solicitados por los comparecientes, validando así una ejecución de una sentencia dictada en rebeldía a pesar de que existe prueba que invalida la misma, y a pesar de la existencia de defensas válidas.

Erró el Tribunal de Primera Instancia al sostener una sentencia en rebeldía basada en alegaciones que la propia demandante reconoce no son correctas y que son falsas.

Erró el Tribunal de Primera Instancia al no dar paso al proceso de mediación obligatoria en base a alegaciones distintas a las de la demanda que hace la demandante de deuda.

Erró el Tribunal de Primera Instancia al no conceder el remedio de *injuction* solicitado y ni siquiera mencionarlo en la determinación de la que se recurre.

Contamos con el beneficio de la comparecencia de las partes del epígrafe, por lo que, estamos en posición de resolver el recurso presentado.

### *-II-*

### *-A-*

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Medina Nazario v.*

*McNeil Healthcare LLC, supra,* pág. 729; *García v. Padró, supra,* pág. 334.

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez, supra.*

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios *evidenciarios,* en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd;* Véase, además, *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478, 486-487 (2019).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, establece el mecanismo procesal y fundamentos para solicitar el relevo de una sentencia. *García Colón et al v. Sucn. González,* 178 DPR 527, 539 (2010). Los tribunales tienen discreción para conceder o no el relevo de una sentencia, independientemente de que existan algunos de los fundamentos de la Regla 49.2, *supra,* salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Náter v. Ramos,* 162 DPR 616, 624 (2004); *Rivera v. Algarín,* 159 DPR 482, 490 (2003). El texto de la Regla 49.2, *supra,* dispone:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de la una parte adversa;

(d) nulidad de sentencia;

[...]

Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta Regla no limita el poder del tribunal para:

(1) Conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

El peticionario de una moción de relevo de sentencia está obligado a justificar su solicitud, amparándose en una de las causales establecidas en la Regla 49.2, *supra*. Esta regla debe interpretarse liberalmente. No obstante, no es una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. *García Colón et al v. Sucn. González, supra,* pág. 541. Tampoco está disponible para alegar cuestiones sustantivas que debieron plantearse mediante reconsideración o apelación. *Íd.*

### -III-

El argumento de la parte peticionaria se limita, por distintas vías, a imputar la violación de su debido proceso de ley por el foro de primera instancia, en su vertiente sustantiva. Esto al aseverar falta de diligenciamiento apropiado, errores en la aplicación del

derecho, notificaciones inadecuadas de varias órdenes del tribunal, negligencia excusable del tribunal, y finalmente argumenta a favor de la nulidad de la sentencia por no haber participado en la mediación compulsoria para este tipo de casos.

La Regla 49.2 permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en la regla. La regla dispone que, el tribunal podrá relevar a una parte de una sentencia cuando, por ejemplo, haya mediado error, inadvertencia, sorpresa o negligencia excusable; la sentencia sea nula, o exista cualquier razón que justifique la concesión de un remedio contra la sentencia. Regla 49.2 de Procedimiento Civil, *supra; Véase, HRS Erase v. CMT*, 205 DPR 689 (2020); *López García v. López García*, 200 DPR 50 (2018).

Sin embargo, no encontramos ninguna de las causales que permita el relevo solicitado y la reapertura del litigio.

Este remedio no puede utilizarse para sustituir la presentación de una oportuna moción de reconsideración o un recurso apelativo. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 449 (2003). Es decir, no procede levantar en una moción de relevo de sentencia cuestiones substantivas que procedían levantarse antes de dictarse la sentencia como defensas afirmativas. *Ríos v. Industrial Optic,* 155 DPR 1, 15 (2001); *García Colón et al v. Sucn. González, supra,* pág. 541.

Igualmente, el interés de que los pleitos se vean en los méritos amerita protección, pero no puede, bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial, promoviendo así la solución justa, rápida y económica de las controversias. *Dávila v.*

*Hosp. San Miguel, Inc.*, 117 DPR 807, 818, (1986).

Es preciso no perder de perspectiva que los dictámenes emitidos por el foro primario gozan de una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés*, 83 DPR 685, 690 (1961). Por ello, no basta que la parte peticionaria simplemente alegue la razón por la cual interesa el relevo de la sentencia, sino que debe demostrar mediante preponderancia de la prueba los hechos que justifican la concesión del remedio que solicita. *García Colón et al. v. Sucn. González, supra,* pág. 541.

Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

En consecuencia, no consideramos que la *Resolución* recurrida sea contraria a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*

Finalmente, no encontramos ninguna situación, al amparo de los restantes criterios de la Regla 40, que justifique la expedición del auto.

### *-IV-*

Por los fundamentos antes expuestos, que hacemos formar parte de este dictamen, *denegamos* la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones