Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LUZ MARÍA GONZÁLEZ LÓPEZ, GUILLERMO GONZÁLEZ LÓPEZ, BLANCA IRIS LÓPEZ GONZÁLEZ Y OTROS<br><br>**Recurrida**<br><br>V.<br><br>MINERVA LÓPEZ GONZÁLEZ, SCN. LUZ LÓPEZ GONZÁLEZ, EDITH AQUINO LÓPEZ Y OTROS<br><br>**Peticionaria** | TA2025CE00686 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil. Núm. AU2022CV00560<br><br>Sobre: ACCESIÓN |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Juez Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

El 23 de octubre de 2025, la Sra. Minerva López González (señora Minerva o la peticionaria) compareció ante nos mediante *Apelación*[1] y solicitó la revisión de una *Resolución Interlocutoria* que se dictó y notificó el 23 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aguada (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la solicitud de relevo de sentencia que presentó la señora López. Expresó que no veía base en los hechos para sostener la petición ya que los demandados fueron emplazados conforme a derecho.

I.

El 7 de septiembre de 2022, la Sucesión del Sr. Guillermo González González, compuesta por el Sr. Guillermo González López, la Sra. Luz María González López y la Sra. Blanca Iris López

---

[1] Acogemos la apelación de epígrafe como un *certiorari*, por ser el recurso adecuado para la revisión de la determinación recurrida.

González, junto con la Sra. Luz María González López, su esposo, el Sr. Eduardo Maisonet López, y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los recurridos), presentaron una *Demanda* sobre accesión contra la señora Minerva.[2]

Posteriormente, el 6 de mayo de 2024, la señora Minerva presentó una *Moción Solicitando Desestimación de la Demanda por Falta de Notificación a Partes Indispensables*.[3] Indicó que, en el año 2015, los recurridos presentaron una demanda de desahucio en su contra. Alegó que, en ese procedimiento, el TPI concluyó que existía una controversia real en torno a la titularidad de la residencia ubicada en el terreno objeto de este litigio, por lo que declaró No Ha Lugar el desahucio. No obstante, expresó que, el Tribunal, a su vez, reconoció expresamente que la residencia en cuestión fue construida por sus padres y autorizada por los padres de los recurridos hace más de veinte (20) años. Sostuvo que, a pesar de lo anterior, los recurridos solo incluyeron en la *Demanda* del presente caso a uno de los integrantes de la Sucesión de don Pedro López Soto y doña Gumersinda González Villanueva, aun cuando conocían de la existencia de al menos otros siete (7) herederos.

En vista de lo anterior, planteó que, en los casos en que un Tribunal debía adjudicar una controversia sobre el derecho propietario de una persona respecto a un bien inmueble, era indispensable que contara con jurisdicción sobre todas las personas cuyos derechos pudiesen verse afectados. Por ende, argumentó que le correspondía a los recurridos acumular a todos los herederos con interés propietario, lo que no hicieron, por lo que solicitó la desestimación de la *Demanda* por falta de parte indispensable.

En respuesta, el 13 de junio de 2024, los recurridos presentaron una *Moción en Oposición a Moción de Desestimación* […],

---

[2] *Véase*, Entrada Núm. 1, SUMAC TPI.
[3] *Véase*, Entrada Núm. 39, SUMAC TPI.

en la cual, en síntesis, le solicitaron al TPI a que les permitiera enmendar la *Demanda* con el fin de acumular las partes indispensables.[4] Evaluados los escritos, el 14 de junio de 2024, el TPI dictó una *Resolución* concediéndoles a los recurridos un término de treinta (30) días para enmendar la *Demanda* con el fin de acumular las partes indispensables.[5]

En cumplimiento con dicha orden, el 27 de agosto de 2024, los recurridos presentaron una *Demanda Enmendada,* incluyendo como co-demandadas a las siguientes partes: la Sucn. Luz López González compuesta por la Sra. Edith Aquino López, la Sra. Raquel Aquino López, el Sr. Noel Aquino en representación de su padre, el Sr. Noel Aquino López; la Sra. Teodosia López González; la Sucn. Milagros López González, compuesta por el Sr. Anibal Crespo López; la Sucn. Radames López González conocido por Israel López González, compuesta por el Sr. Jefry López Vale, la Sra. Maritza López Rodríguez, el Sr. Alex López Rodríguez; y la Sra. Elda Hernández Rodríguez, el Sr. José Javier Hernández Rodríguez, el Sr. Luis E. Hernández Rodríguez, el Sr. Carlos Hernández Rodríguez en representación de su madre, la Sra. Marisol López Rodríguez; la Sucn. Gladys López González, compuesta por la Sra. Gladys M. Viali López, el Sr. Noel Vializ López y el Sr. Edwin Vializ López; y Juan del Pueblo.[6]

Así las cosas, el 30 de agosto de 2024, los recurridos solicitaron la expedición de los emplazamientos dirigidos a la Sra. Edith Aquino López, la Sra. Raquel Aquino López, el Sr. Noel Aquino, la Sra. Teodosia López González, el Sr. Anibal Crespo, el Sr. Jefry López Vale, la Sra. Maritza López Rodríguez, el Sr. Alex López Rodríguez, la Sra. Elda Hernández Rodríguez, el Sr. José Javier

---

[4] *Véase,* Entrada Núm. 46, SUMAC TPI.
[5] *Véase,* Entrada Núm. 47, SUMAC TPI.
[6] *Véase,* Entrada Núm. 54, SUMAC TPI.

Hernández Rodríguez, y la Sra. Gladys M. Viali López.[7] Además, ese mismo día, solicitaron el emplazamiento por edicto del Sr. Carlos Hernández Rodríguez, el Sr. Noel Vializ López, el Sr. Edwin Vializ López y Juan del Pueblo, por residir fuera de Puerto Rico.[8] A esta solicitud se anejó una declaración jurada que establecía las ultimas direcciones conocidas de las partes antes expuestas.

Atendidas dichas solicitudes, el 3 de septiembre de 2024, la Secretaría del TPI expidió los emplazamientos dirigidos a las partes antes mencionadas.[9] A su vez, ese mismo día, el TPI autorizó los emplazamientos por edicto del Sr. Carlos Hernández Rodríguez, el Sr. Noel Vializ López, el Sr. Edwin Vializ López y Juan del Pueblo.[10]

El 19 de septiembre de 2024, los recurridos informaron que no lograron emplazar al Sr. Noel Aquino personalmente, por lo que solicitaron su emplazamiento por edicto, presentando además una declaración jurada de diligenciamiento negativo.[11] Ese mismo día, también presentaron una moción haciendo constar el diligenciamiento de los emplazamientos dirigidos al resto de las partes.[12] Así las cosas, el 23 de septiembre de 2024, el TPI autorizó el emplazamiento por edicto del Sr. Noel Aquino.[13]

Habiendo transcurrido el término provisto por ley para contestar la *Demanda Enmendada*[14] sin que los co-demandados presentaran su contestación, alegación alguna o solicitado prórroga, el 9 de diciembre de 2024, los recurridos presentaron una *Moción Informativa y Solicitando Anotación de Rebeldía*.[15] En primer lugar, informaron que los co-demandados, la Sra. Edith Aquino López, la Sra. Raquel Aquino López, la Sra. Teodosia López González, el Sr.

---

[7] *Véase*, Entrada Núm. 55, SUMAC TPI.
[8] *Véase*, Entrada Núm. 56, SUMAC TPI.
[9] *Véase*, Entrada Núm. 61, SUMAC TPI.
[10] *Véase*, Entrada Núm. 63, SUMAC TPI.
[11]*Véase*, Entrada Núm. 68, SUMAC TPI.
[12] *Véase*, Entrada Núm. 67, SUMAC TPI.
[13] *Véase*, Entrada Núm. 71, SUMAC TPI.
[14] Cabe precisar que, el 6 de septiembre de 2024, la señora Minerva presentó su Contestación a Demanda Enmendada.
[15] *Véase*, Entrada Núm. 79, SUMAC TPI.

Aníbal Crespo López, el Sr. Jefry López Vale, la Sra. Maritza López Rodríguez, el Sr. Alex López Rodríguez, la Sra. Elda Hernández Rodríguez, el Sr. José Javier Hernández Rodríguez y la Sra. Gladys M. Viali López fueron emplazados personalmente.

Asimismo, hicieron constar que los co-demandados, el Sr. Carlos Hernández Rodríguez, el Sr. Noel Vializ Jr. López, el Sr. Edwin Vializ López y Juan Del Pueblo fueron emplazados por edicto, mediante publicación en el periódico El Nuevo Día el 23 de septiembre de 2024. **Junto a la moción acompañaron los afidávits de publicación y copia de los edictos correspondientes.** De igual forma, indicaron que el 24 de septiembre de 2024, se remitió por correo certificado copia de la *Demanda Enmendada*, del emplazamiento y del edicto a los señores Carlos Hernández Rodríguez, Noel Vializ Jr. López y Edwin Vializ López.

Además, señalaron que el Sr. Noel Aquino fue emplazado mediante publicación de edicto del periódico El Nuevo Día el 3 de octubre de 2024. Sin embargo, sostuvieron que, el Tribunal eximió el diligenciamiento por correo certificado respecto a dicho co-demandado, debido a que se desconocía su dirección postal.

En virtud de lo anterior, le solicitaron al TPI que se anotara la rebeldía de todos ellos, a saber, la Sra. Edith Aquino López, la Sra. Raquel Aquino López, la Sra. Teodosia López González, el Sr. Aníbal Crespo López, el Sr. Jefry López Vale, la Sra. Maritza López Rodríguez, el Sr. Alex López Rodríguez, la Sra. Elda Hernández Rodríguez, el Sr. José Javier Hernández Rodríguez, la Sra. Gladys M. Viali López, el Sr. Carlos Hernández Rodríguez, el Sr. Noel Vializ Jr. López, el Sr. Edwin Vializ López, el Sr. Noel Aquino y Juan Del Pueblo.

El 2 de enero de 2025, el TPI emitió y notificó una *Orden* anotando la rebeldía de los co-demandados antes mencionados.[16] Posteriormente, el 5 de febrero de 2025, se celebró una vista del caso. De la *Minuta* surge que el TPI luego de escuchar los planteamientos de las partes, le concedió al Lcdo. Juan Rivera Román (licenciado Rivera), representante de la señora Minerva, diez (10) días para presentar su defensa de usucapión mediante reconvención y diez (10) días al Lcdo. Diógenes Alayón Quiñones (licenciado Alayón), representante de los recurridos, para replicar por escrito.[17]

El 24 de febrero de 2025, los recurridos presentaron una *Moción solicitando Sentencia*.[18] En esta, alegaron que la peticionaria solicitó un término de diez (10) días para levantar la doctrina de usucapión en el caso de epígrafe. No obstante, indicaron que transcurrió el término sin que la señora Minerva presentara defensa alguna. Ante ello, solicitaron al TPI que no tomara en consideración cualquier escrito que pudiera radicar la peticionaria y que dictara sentencia conforme al trámite del caso.

El 26 de febrero de 2025, el TPI dictó una *Orden* que se notificó el 28 de febrero de 2025, resolviendo lo siguiente, "Como se pide en cuanto a la doctrina de usucapión".[19] Posteriormente, el 28 de marzo de 2025, el TPI dictó una *Sentencia* que se notificó el 31 de marzo de 2025.[20] En dicha determinación, luego de realizar determinaciones de hechos y evaluar la prueba testifical, pericial y documental presentada y admitida en evidencia, así como el derecho aplicable, declaró Ha Lugar la reclamación de epígrafe. En consecuencia, ordenó lo siguiente:

1) Se adjudica la estructura o edificación que enclava en terrenos de los demandantes a los co-

---

[16] *Véase*, Entrada Núm. 82, SUMAC TPI.
[17] *Véase*, Entrada Núm. 84, SUMAC TPI.
[18] *Véase*, Entrada Núm. 86, SUMAC TPI.
[19] *Véase*, Entrada Núm. 86, SUMAC TPI.
[20] *Véase*, Entrada Núm. 90, SUMAC TPI.

demandantes Luz M. González López y su esposo Eduardo Maisonet López y la Sociedad Legal de Gananciales compuesta por ambos, por estos haber aportado la totalidad del valor de $68,500.00 de la estructura o edificación.

2) Que la parte co-demandada Minerva López González, desaloje la estructura o edificación que ocupa en TREINTA (30) días a partir de la sentencia advenga final y firme.

El 30 de abril de 2025, la señora Minerva compareció ante el Tribunal de Apelaciones mediante una *Apelación* en el caso núm. KLAN202500371 formulando el siguiente señalamiento de error: "Erró el Tribunal de Primera Instancia al no permitir a la apelante-recurrente presentar su oposición a la moción para que se dicte Sentencia por las alegaciones". Atendido el recurso, emitimos una *Sentencia* en la cual, en síntesis, resolvimos que la señora Minerva tuvo amplia oportunidad para oponerse al escrito de los recurridos antes de que el TPI emitiera su dictamen. Por estas razones, determinamos que el TPI no incurrió en error, ni abuso de su discreción al dictar *Sentencia*.

El 5 de mayo 2025, los recurridos presentaron una *Moción Informativa*.[21] En esta, hicieron constar que el 28 de marzo de 2025, el TPI dictó Sentencia por Edicto en el caso de epígrafe y que el 1 de abril de 2025, mediante correo certificado con acuse de recibo, le enviaron a los co-demandados, el Sr. Carlos Hernandez Rodriguez, el Sr. Noel Vializ Jr. López, y al Sr. Edwin Vializ López copia de dicha determinación, la notificación de ésta, y el edicto en el periódico. Anejaron prueba junto a esta moción para evidenciar lo antes expresado.

Tras varios trámites procesales que no son pertinentes discutir, el 27 de agosto de 2025, la señora Minerva presentó una *Moción Solicitando que se deje sin efecto Sentencia por Impugnación*

---

[21] *Véase*, Entrada Núm. 94, SUMAC TPI.

*de Emplazamiento por Edicto.*[22] Sostuvo que los recurridos no cumplieron con la Regla 4.6 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 4.6, ya que no notificaron mediante correo certificado con acuse de recibo, dentro del término de diez (10) días, copia del emplazamiento y de la Demanda a las colindantes, sin que mediara relevo de dicho cumplimiento por parte del TPI. Planteó que la validez del proceso y la sentencia por rebeldía dependían del estricto cumplimiento con los requisitos de emplazamiento establecidos en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, conforme la norma establecida en *Rivera Ocasio v. Sucesión Pérez Rivera*, 165 DPR 228 (2005), y que la orden de emplazamiento por edictos adolecía de no incluir el lenguaje relativo a la notificación de la Demanda y el emplazamiento por correo certificado a las direcciones conocidas de los co-demandados.

Indicó que, los recurridos tampoco presentaron prueba de las notificaciones de los edictos, requisito necesario para que el TPI adquiriera jurisdicción sobre las siguientes partes indispensables: la Sra. Luz López González, la Sra. Teodosia López González, la Sra. Milagros López González, el Sr. Radamés López González (también conocido como Israel López González), la Sra. Gladys López González y el Sr. Ismael López González, así como sus respectivos herederos. En consecuencia, argumentó que el TPI carecía de jurisdicción sobre dichas personas y que debía declararse la nulidad de los emplazamientos por edicto emitidos el 3 de septiembre de 2024 y el 23 de septiembre de 2024, dejarse sin efecto la sentencia dictada el 28 de marzo de 2025 y notificada el 30 de marzo de 2025, y ordenarse a los recurridos que realizaran nuevamente el emplazamiento por edicto conforme a las normas aplicables.

---

[22] *Véase*, Entrada Núm. 106, SUMAC TPI.

En respuesta, el 3 de septiembre de 2025, los recurridos presentaron su oposición a la solicitud antes expuesta.[23] En cuanto a las alegaciones de falta de emplazamiento, aseguraron que todas las partes habían sido debidamente emplazadas conforme a derecho. Puntualizaron que la Sra. Luz López González, falleció, y su sucesión estaba compuesta por la Sra. Edith Aquino López, la Sra. Raquel Aquino López, ambas emplazadas, el Sr. Saúl Aquino López, quien falleció sin dejar herederos, y el Sr. Noel Aquino, quien fue emplazado por edicto, ello luego de que el TPI eximiera el requisito de notificación por correo certificado al desconocerse su dirección.

Asimismo, sostuvieron que, la Sra. Teodosia López González fue emplazada personalmente. Respecto a la Sra. Milagros López González, quien también falleció, indicaron que su sucesión estaba compuesta por el Sr. Aníbal Crespo López, quien fue emplazado personalmente. Expusieron que, el Sr. Radamés López González, también conocido como Israel López González, fue emplazado; y en cuanto a la Sra. Gladys López González (fallecida), indicaron que, su sucesión estaba integrada por el Sr. Jefry López Vale, la Sra. Maritza López Rodríguez, el Sr. Alex López Rodríguez, la Sra. Elda Hernández Rodríguez y el Sr. José Javier Hernández Rodríguez, todos emplazados personalmente, y el Sr. Carlos Hernández Rodríguez, emplazado por edicto, en representación de su madre, la Sra. Marisol López Rodríguez. Por otra parte, puntualizaron que, el Sr. Ismael López González falleció sin dejar herederos.

En cuanto a la Sra. Gladys López González, expresaron que su sucesión estaba compuesta por la Sra. Gladys M. Vializ López, emplazada personalmente, el Sr. Noel Vializ Jr. López y el Sr. Edwin Vializ López, quienes fueron emplazados por edicto. Adicionalmente,

---

[23] *Véase*, Entrada Núm. 107, SUMAC TPI.

sostuvieron que Juan del Pueblo fue emplazado en representación de cualquier miembro de las sucesiones del Sr. Pedro López Soto y la Sra. Gumersinda González Villanueva, así como cualquier otro ocupante de la propiedad que no había sido identificado.

En atención a lo anterior, solicitaron al TPI que declarara No Ha Lugar la moción radicada por la señora Minerva, que se le impusieran honorarios de abogado por la suma de mil dólares ($1,000.00) por su actuación temeraria y que se continuara con los procedimientos, incluyendo la orden de desalojo previamente emitida respecto a dicha co-demandada.

Evaluados los escritos de las partes, el 23 de septiembre de 2025, el TPI dictó una *Resolución Interlocutoria* declarando No Ha Lugar la solicitud de la señora Minerva para dejar sin efecto la Sentencia.[24] Indicó que no había base en los hechos de la petición, ya que los co-demandados habían sido emplazados conforme a derecho. Insatisfecha con esta determinación, el 23 de octubre de 2025, la señora Minerva presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al declarar No Ha Lugar el Relevo de Sentencia por falta de notificación por correo certificado de la Demanda y emplazamiento por edicto.**

Atendido el recurso, el 27 de octubre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 30 de octubre de 2025 para presentar su postura en cuanto al recurso. Oportunamente, la parte recurrida presentó su *Oposición a Certiorari* y negó que el TPI cometiera el error que la señora Minerva le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a atender el asunto ante nos. *Veamos.*

---

[24] *Véase*, Entrada Núm. 108, SUMAC TPI.

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra,* el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos post sentencia —como la que tenemos ante nuestra consideración — no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012).

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR ____ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

La Regla 49.2 de Procedimiento Civil, *supra*, establece el mecanismo procesal disponible para solicitar al Tribunal de Instancia el relevo de los efectos de una sentencia. *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010). Específicamente, la aludida Regla dispone lo siguiente:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su

representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis suplido).

[...]

Para que proceda el relevo de sentencia bajo la referida regla, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". Íd., pág. 540. A tenor con lo antes expuesto, cabe precisar que, independientemente de la existencia de uno de los fundamentos expuestos en la regla, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

## III.

En primer lugar, debemos señalar que en el presente recurso se recurre de una resolución atinente a un asunto post sentencia, la cual no se encuentra comprendida entre aquellas determinaciones de naturaleza interlocutoria evaluadas al amparo

de la Regla 52.1 de Procedimiento Civil, *supra.* En vista de ello, nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.*

Luego de examinar el expediente y los argumentos esgrimidos por la peticionaria a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o post sentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelacion