Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ACHA BUILDING SUPPLY INC. H/N/C ACHA TRADING<br><br>Recurrida<br><br>v.<br><br>MAC CLIMBER, INC. H/N/C GYPSUM DEPOT<br><br>Peticionaria | TA2025CE00794 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: BY2024CV00136 (504)<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 8 de diciembre de 2025.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de relevo de una sentencia bajo la Regla 49.2 de las de Procedimiento Civil, *infra*. Según explicaremos a continuación, hemos determinado denegar el auto solicitado, pues no se aduce alguna de las circunstancias que la citada regla contempla como motivo para relevar a una parte de unas determinaciones que pudieron haber sido objeto oportunamente de reconsideración o apelación.

I.

En enero de 2024, Acha Building Supply (la "Demandante") presentó la acción de referencia, sobre incumplimiento de contrato y cobro de dinero (la "Demanda"), contra Mac-Climber, Inc. (la "Corporación"). La Demandante alegó que la Corporación le adeuda $18,229.66, más honorarios de abogado, "por concepto de compra de materiales de construcción".

Aunque en febrero de 2024 la Corporación compareció al TPI a través de representación legal, en abril, dicha representación

renunció, sin que se hubiese contestado la Demanda. La Corporación sí presentó una *Moción Solicitando una Exposición más Definida*, en la cual planteó que otra entidad (GDPR, LLC, o el "Tercero") es quien "utiliza el nombre comercial Gypsum Depot". En diciembre, el TPI denegó dicha moción y le ordenó a la Corporación contestar la Demanda, so pena de que se le anotase la rebeldía.

En enero de 2025, el TPI le anotó la rebeldía a la Corporación y, el 10 de febrero, se dictó una Sentencia contra la Corporación (la "Sentencia").

En mayo, la Corporación presentó una *Moción de Relevo de Sentencia* (la "Moción"). Adujo que el Tercero era una parte indispensable porque era la "compañía correcta", pues "Gypsum Depot es, en realidad, el nombre comercial" del Tercero. Además, arguyó que las alegaciones de la Demanda eran insuficientes.

La Demandante se opuso a la Moción. Señaló que es la Corporación la parte demandada y emplazada personalmente, y que es dicha entidad quien le debe las cuantías reclamadas en la Demanda, así como la parte condenada en la Sentencia. Planteó que las alegaciones de la Demanda eran suficientes para que el TPI concediera el remedio solicitado una vez anotada la rebeldía a la Corporación.

Mediante una Resolución notificada el 22 de agosto (la "Resolución"), el TPI denegó la Moción. El TPI subrayó que la Sentencia va dirigida "única y exclusivamente contra [la Corporación]", por lo que la misma "no es de aplicación de forma alguna" al Tercero.

El 8 de septiembre, la Corporación solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 20 de octubre.

Aún inconforme, el 20 de noviembre[1], la Corporación presentó el recurso que nos ocupa. Insiste en que la "entidad correcta" era el Tercero, y que la "alegada obligación imputada … no descansa sobre prueba externa confiable ni evidencia documental que acredite una relación comercial válida entre las partes o la existencia de la deuda reclamada". Sostuvo que la Sentencia "claramente obliga a ambas entidades al pago solidario de la deuda reclamada". Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[1] El 19 de noviembre fue un día feriado.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, permite que un tribunal deje sin efecto una sentencia cuando concurre una de las siguientes circunstancias:

a) error, inadvertencia, sorpresa o negligencia excusable;

b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y también el llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

d) nulidad de la sentencia;

e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o

f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Al aplicar esta regla, se tiene que hacer un balance entre el principio de que los casos se deben resolver en los méritos haciendo justicia sustancial y el interés de que los litigios lleguen a su fin. *García Colón v. Sucn. González,* 178 DPR 527, 540 (2010).

La decisión de conceder un remedio bajo esta regla descansa en la sana discreción del juzgador, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín,* 159 DPR 482, 490 (2003). Se entenderá que una sentencia es nula cuando ha sido dictada sin jurisdicción o cuando se ha violado el debido proceso de ley. *Íd.*

Ahora bien, esta regla "**no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración**", mucho menos cuando se trata de una sentencia dictada correctamente. *García Colón*, 178 DPR a la pág. 541 (énfasis suplido); *Piazza Vélez v. Isla del Río*, 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

IV.

Por considerar que fue correcta la decisión del TPI de denegar la Moción, declinamos intervenir con la misma. Veamos.

Contrario a lo planteado por la Corporación, no se ha acreditado que el Tercero sea una parte indispensable. La Demandante reclamó que es la Corporación quien le debe por la compra de unos materiales. No se ha planteado por qué sería necesaria la presencia del Tercero para otorgar un remedio completo en este caso. En este contexto, carece de pertinencia quién pudiese usar el nombre comercial Gypsum Depot, pues lo pertinente es si la Corporación contrató con la Demandante y si incumplió dicho acuerdo. Sobre esto último, no nos corresponde pasar juicio, pues la Corporación optó por no defenderse ni apelar la Sentencia, aun luego de haber sido emplazada y haber comparecido a través de abogado antes de que se le anotara la rebeldía.

En resumen, ninguno de los planteamientos de la Corporación configura alguna de las circunstancias bajo las cuales se puede conceder una moción bajo la Regla 49.2, *supra*. Por ejemplo, lo relacionado con la suficiencia de las alegaciones y la prueba son asuntos que debieron plantearse a través de una petición de *certiorari* ante este Tribunal, una apelación, o ambas. *García Colón v. Sucn. González*, 178 DPR 527, 541 (2010); *Piazza Vélez v. Isla del Río*, 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974). Las partes no pueden utilizar dicha regla como subterfugio para hacer planteamientos que debieron presentarse

por otras vías. Por su parte, y contrario a lo inexplicablemente planteado por la Corporación, la Sentencia va dirigida únicamente contra la Corporación y de modo alguno afecta, o amenaza, los derechos o bienes del Tercero.

Resaltamos, además, que, para ser acreedor a un remedio bajo los incisos primero y sexto de la Regla 49.2, *supra*, es necesario que el promovente haya sido diligente en la tramitación del caso. *Neptune Packing Corp. v. The Wackenhut Corp.*, 120 DPR 283, 292 (1988). En este caso, la Corporación no fue diligente; además de no contestar la Demanda, sin explicación razonable alguna, tampoco promovió alguno de los recursos que le hubiesen permitido a este Tribunal revisar en los méritos la Sentencia y las determinaciones anteriores del TPI.

En fin, considerados cuidadosamente los planteamientos de la Corporación, a la luz de la totalidad del récord, no podemos concluir que haya cometido error alguno el TPI al denegar la Moción, pues no se demostró que estuviese presente alguna de las circunstancias dispuestas en la Regla 49.2, *supra*.

V.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones